UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARRETT ALLEN #464396,

    Plaintiff,                                   Hon. Janet T. Neff

v.                                            Case No. 1:16-cv-00204

DEBRA MOSES, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be **granted** and this matter **terminated**.

## BACKGROUND

Plaintiff initiated this action against Debra Moses and two unknown parties. (ECF No. 1). Plaintiff alleges that Defendants failed to provide him appropriate medical treatment for a finger injury which resulted, ultimately, in amputation. Defendant Moses now moves for relief on the ground that Plaintiff has failed to properly exhaust his administrative remedies. Plaintiff has failed to respond to Defendant's motion.

**SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In

sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust all available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002). Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Id.* With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an

agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

Michigan Department of Corrections Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner is required to "attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration." Mich. Dep't of Corr. Policy Directive 03.02.130 ¶ P. If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance. *Id.* The Step I grievance must be submitted within five business days after attempting to resolve the matter with staff. *Id.* at ¶ V.

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. *Id.* at ¶ BB. If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. *Id.* at ¶ FF. The Step III grievance must be submitted within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.*

Defendant has submitted evidence that Plaintiff did, in fact, file a grievance about the matters giving rise to this action. On June 23, 2015, Plaintiff submitted a Step I grievance alleging that on July 23, 2014, he informed Defendant Mosses of an "open infection" on his hand which she simply "ignored." (ECF No. 12-2 at PageID.71). Plaintiff's Step I grievance was denied as untimely. (ECF No. 12-2 at PageID.72). Prison officials further noted that Plaintiff "provided no reasonable circumstance beyond [his] control that would have prevented [him] from filing this grievance in a timely fashion." (ECF No. 12-2 at PageID.72).[1] This determination was upheld at Steps II and III of the grievance process. (ECF No. 12-2 at PageID.68-70). Defendants have submitted evidence that while Plaintiff pursued other grievances through all three steps of the grievance process, none of these grievances concerned the allegations giving rise to the present action. (ECF No. 12-2 at PageID.59-67, 74-77). As previously noted, Plaintiff has failed to respond to the present motion. In sum, Plaintiff failed to properly exhaust his administrative remedies as to his claim against Defendant Moses. Accordingly, the undersigned recommends that Defendant Moses' motion for summary judgment be granted.

II.     **Unserved/Unidentified Defendants**

Federal Rule of Civil Procedure 4(c) indicates that "[a] summons must be served with a copy of the complaint." The time frame within which service must be effected is articulated in Rule 4(m), which provides that if service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint, "the court - on motion or on its own initiative after notice to

---

[1] Plaintiff neither argues nor suggests that he was unaware of the significance of his injury when he was allegedly refused treatment by Defendant Moses. To the extent, however, Plaintiff argues that he was unaware of the extent of his injury and, therefore, the existence of a grievable issue, until the amputation of his finger, the result is the same. In his complaint, Plaintiff asserts that his finger was amputated on or about August 23, 2014, ten months prior to the filing of his Step I grievance.

the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time." *See also*, *Abel v. Harp*, 122 Fed. Appx. 248, 250 (6th Cir., Feb. 16, 2005) ("[a]bsent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure *compel* dismissal") (emphasis added); *Clemons v. Soeltner*, 652 Fed. Appx. 81, 82 (6th Cir., Mar. 26, 2003) (if the plaintiff demonstrates good cause for such failure, the court *may* extend the time for service).

Plaintiff initiated the present action on February 25, 2016, and in the eight months since has failed to identify the Unknown Parties named as defendants in this matter or request an extension of time to effect service on these individuals. Considering Plaintiff's lack of diligence in this matter, the undersigned recommends that Plaintiff's claims against the Unknown Parties named as defendants in his complaint be dismissed without prejudice for failure to timely effect service.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that <u>Defendant's Motion for Summary Judgment</u>, (ECF No. 11), be **granted** and Plaintiff's claims against Defendant Moses be **dismissed without prejudice for failure to exhaust administrative remedies**. The undersigned also recommends that Plaintiff's claims against the Unknown Parties named as defendants in his complaint be **dismissed without prejudice for failure to timely effect service** and this matter **terminated**. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file

objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                             Respectfully submitted,

Date:  November 3, 2016                      /s/ Ellen S. Carmody
                                                 ELLEN S. CARMODY
                                                 United States Magistrate Judge